MacDonald, J.
The motion is ALLOWED for the following reasons and subject to the following conditions:
1. This is an action brought to recover on a commercial roofing contract against a shopping center owner and the owner’s counterclaims against the contractor. The record is undisputed that because of the professional neglect of defendant’s predecessor counsel, the defendant failed to timely respond to discovery, despite protests of plaintiffs counsel and an order of this Court. Default judgment entered and a motion for assessment of damages is pending. The defendant filed this motion pursuant to Mass.R.Civ.P. 60(b).
2. The Court is guided by the Appeals Court’s decision, Berube v. McKesson Wine & Spirits Co., 7 Mass.App.Ct. 426,422 (1979). This is a close case, but fairness in light of the Berube standards requires that the default judgment be removed. This is because responsibility for the neglect falls squarely on the shoulders of predecessor counsel. Further, the defendant acted promptly upon notice of the default, and successor counsel appears to have responded diligently to outstanding discovery. Moreover, there is nothing in the record that would suggest that the neglect was intentional or strategic. Rather, it resulted from inattention arising from personal and family issues of prior counsel. Moreover, a plausible defense and plausible counterclaim appear to exist. While the *300 plaintiff asserts he has been prejudiced, on the current record (and without intending to minimize the significance) it appears that such prejudice has been more in the nature of frustration and expense than of any compromise of substantive interests relating to its claim. Provisions of this order that follow are intended to address any prejudice caused the plaintiff.
3. To remedy the financial prejudice caused by the defendant’s neglect, the Court’s allowance of the defendant’s motion to remove the default is conditioned on the defendant’s paying to the plaintiff the costs, including attorneys fees, that were incurred by the plaintiff on account of the defendant’s failure to have timely responded to its discovery obligations. This Court has discretion to award such fees in the application of equitable principles to relieve a party of the consequences of neglect. Richardson v. Nassau County, 184 F.R.D. 497, 503 (E.D.N.Y. 1999); Rollins Environmental Services, Inc. v. Superior Court, 366 Mass. 174, 179-80 (1975).
4. The Court reserves judgment as to further remedies if it should become apparent that the plaintiffs substantive interests were materially prejudiced by the defendant’s neglect.
5. Within 20 days of the filing of this order counsel for the plaintiff shall file a motion along with supporting affidavits documenting any applicable costs and attorneys fees incurred as a result of the neglect of the defendant as found herein. If the defendant fails to pay the award within 30 days of the Court’s decision with respect to the amount of the award, the default judgment shall remain, and the Court will proceed to assess damages on the basis of the motion for the same already on file.
6. Counsel shall confer and submit a proposed revision to the tracking order for the expedited disposition of the case from this date forward.